JOSEPH PERRY, Plaintiff-Appellee, v. RONALD T. SCHWED, Defendant-Appellant.

(No. 56408;

First District (4th Division)—April 18, 1973.

Mitchell Kilanowski, of Chicago, for appellant.

Mathew K. Szygowski, of Bianco & Szygowski, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Cook County entered in favor of plaintiff in the amount of $8,900. Plaintiff sued defendant upon an employment contract and a judgment note to recover the value of a security bond put up by plaintiff for defendant under the employment contract.

On January 10, 1958, plaintiff and defendant entered into an employment contract. By the terms of the contract, plaintiff, an experienced and licensed bondsman, was to put up a $10,000 security bond with the Clerk of the Municipal Court to enable the defendant to operate as a bondsman under plaintiff's license. Defendant was to engage in the bail bond business and share one-half of his profits with the plaintiff. The $10,000 security bond and interest thereon was to remain the property of the plaintiff. The plaintiff did put up two $5,000 U.S. treasury notes with the Clerk of the Municipal Court as a bond for the defendant's license. On January 27, 1958, the defendant executed a judgment note and a receipt securing the two $5,000 notes. The receipts stated that the security bonds were the sole property of the plaintiff, and the defendant agreed to return the security bond on demand. The defendant signed the judgment note as security thereof.

On April 25, 1959, by court order, the authority of plaintiff to operate as a bondsman was terminated because of many bond forfeitures outstanding. Plaintiff testified that he attempted to obtain the release of the $10,000 security bond, but was unable to do so because of forfeitures on bonds which the defendant had written. The defendant testified that the Clerk refused to release the bonds because of forfeitures on bonds that the plaintiff had written. Plaintiff filed this action, seeking the value of the security bond from the defendant. The trial court entered judgment for the plaintiff in the amount of $8,900 (the value of the security bond was $9,200 and the defendant had, at the time of the contract, paid $300). The defendant appeals, arguing that the plaintiff has not performed the contract and therefore cannot recover under the terms of the contract.

■■ The $10,000 security bond filed with the Clerk of the Municipal Court was, as far as the Clerk was concerned, the property of the defendant. The defendant was the only person who could take the interest coupons from the bond and was the only person to whom the bond could be returned. The contract between the plaintiff and the defendant was not binding upon the Clerk who held the security bond for the defendant's license. The record is unclear as to the reason why the Clerk refused to release the security bond. Plaintiff testified that the Clerk would not release the security bond because of forfeitures on the bonds that the defendant had written. The defendant, however, testified that the Clerk would not release the security bond because of forfeitures on bonds that the plaintiff and other employees of the plaintiff had written.

■■ The contract between the plaintiff and defendant, although not binding upon the Clerk of the Municipal Court, was binding upon the parties to the contract. The contract, receipt and judgment note were all part of the same transaction and must be construed as one document. (*Rudolph v. O. D. Jennings & Co.*, 38 Ill.App.2d 92, 186 N.E.2d 80.) It is clear that the parties intended that the security bond was to remain the property of the plaintiff and that the defendant was to return the security bond upon demand. The defendant gave a receipt and judgment note as security for his pledge to return the security bond. Plaintiff is entitled to the return of the bond or funds in like amount to the extent that he was not at fault for the Clerk's Office holding the security bond.

■■ From the present record, it is impossible to determine the reason that the Clerk is holding the security bond. The case is, therefore, reversed for a hearing to determine the exact reason why the Clerk of the Municipal Court, now the Clerk of the Circuit Court of Cook County, is holding the security bond in question. If the only hold on the security bond is the forfeitures on bonds written by the defendant, then the plaintiff is entitled to the judgment. If, however, the funds are being held because of forfeitures on bonds the plaintiff and other members of the plaintiff's staff have written, he is entitled to a judgment only in the amount of the security bond, less the amount of the forfeitures he incurred.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is reversed for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.

DIERINGER and JOHNSON, JJ., concur.